IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1909, AND MAY AND
NOVEMBER TERMS, 1910, IN THE NINETY-FOURTH
AND NINETY-FIFTH YEARS OF THE STATE.

---

NOBLE, ADMINISTRATOR, *v.* INDIANAPOLIS TRAC-
TION AND TERMINAL COMPANY.

[No. 6,808. Filed May 10, 1910.]

1. APPEAL.—*Motions to Dismiss.*—Where appellee's motion to dis-
miss the appeal is overruled, its subsequent motion to dismiss for
the same reasons, will be overruled. p. 2.

2. RAILROADS.— *Street.— Collision with Teamster.— Negligence.*—
Where the jury was properly instructed and the answers to the
interrogatories showed that the company was not negligent, and
that the plaintiff's decedent was negligent in going upon the track,
and that by the use of ordinary care he could have avoided in-
jury, a general verdict for the defendant will not be disturbed.
p. 2.

From Boone Circuit Court; *Samuel R. Artman,* Judge.

Action by Benjamin F. Noble, as administrator of the
estate of Charles Cattell, deceased, against the Indianapo-
lis Traction and Terminal Company. From a judgment for
defendant, plaintiff appeals. *Affirmed.* (For opinion on
motion to dismiss, see 43 Ind. App. 430.)

*M. M. Bachelder,* for appellant.

*F. Winter* and *W. H. Latta,* for appellee.

WATSON, J.—Appellee for the second time, upon the same grounds, has filed its motion herein to dismiss this appeal. Said motion is overruled.

1.  This action was commenced in the Marion Superior Court by appellant against appellee, alleging that appellant's decedent came to his death through the negligence and carelessness of appellee in operating its car on and over Alabama street, a public street in the city of Indianapolis, as said decedent was attempting to drive across the tracks of appellee on said street with his horse and wagon.

The cause was venued to the Boone Circuit Court, in which court it was put at issue by general denial. There was a trial by jury, and a verdict returned for defendant, together with interrogatories. Over a motion for a new trial, judgment was rendered upon the verdict, from which judgment an appeal was taken to this court.

The error assigned is the overruling of the motion for a new trial. The reasons assigned in the motion for a new trial are: ·(1) The verdict is not sustained by sufficient evidence; (2) the verdict is contrary to law; (3) the giving by the court of instructions one to thirty-one inclusive.

The jury returned, together with other interrogatories, the following: "Q. Was it dangerous for decedent to drive his horse upon said track in front of said car in the manner and at the time he attempted to do so? A. Yes. Q. Could decedent, by the exercise of ordinary and reasonable care under the circumstances, have avoided the collision with said car and injury to himself? A. Yes. Q. Would a reasonably careful and prudent man, under all of the circumstances, have attempted to cross the track ahead of said car in the manner and at the time that decedent made the attempt? A. No. Q. Would a reasonably prudent man, in the position of said motorman, under the circumstances, have anticipated that decedent would attempt to cross the

track in front of said car? A. No. Q. Could decedent, by the exercise of ordinary care, under all the circumstances, have known of the proximity and movements of said car in time to avoid the collision therewith and the injury complained of in the complaint? A. Yes. Q. Would a reasonably careful and prudent man, in the position of decedent, have seen and observed the movements and proximity of said car, and have avoided collision therewith and the injury complained of in plaintiff's complaint? A. Yes."

The answers to the interrogatories are not in conflict with the general verdict, but, on the contrary, are in aid of and support .it. The reading of the instructions show that the jury were correctly instructed as to the law upon the issues joined.

No error having intervened in the court's overruling the motion for a new trial, the judgment is affirmed.